IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT B. GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-1267-D |
| ) | |
| DISTRICT ATTORNEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Invoking 42 U.S.C. § 1983, Mr. Brent Golden alleges constitutional violations arising out of his criminal charges. Defendants Richard Smothermon and Kathryn Savage urge dismissal on grounds involving immunity and unavailability of a proposed remedy. The Court should grant the motion to dismiss.

Standard on the Motion to Dismiss

Defendants Smothermon and Savage urge dismissal for failure to state a valid claim. *See* Fed. R. Civ. P. 12(b)(6).

In determining whether dismissal is appropriate, the Court considers whether the Plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Because Mr. Golden is *pro se*, his complaint must be broadly construed under this standard. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

<u>Official Capacity Claims: Eleventh Amendment Immunity for Monetary Damages</u>

Defendants Smothermon and Savage are employees of the District Attorney's Office in Shawnee, Oklahoma. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 1 (Nov. 16, 2009) ("Complaint"); Defendants Smothermon and Savage's Motion to Dismiss and Brief in Support at p. 1 (Apr. 2, 2010) ("Defendants' Motion to Dismiss").[1] As the Defendants argue, the official capacity claims[2] for damages are foreclosed under the Eleventh Amendment.

This amendment bars suit in federal court against a state. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a state official is named

---

[1] In the caption of the complaint, Mr. Golden identifies Ms. Savage as the "District Attorney." Complaint at p. 1. Ms. Savage states that she is an assistant district attorney. Defendants' Motion to Dismiss at p. 1.

[2] The Plaintiff does not specify whether he is seeking relief against Mr. Smothermon and Ms. Savage in their official or individual capacities. *See* Complaint, *passim*. Nevertheless, because Mr. Golden is *pro se*, the Court should broadly construe the complaint to include claims in both capacities. *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed. Appx. 445, 447 (10th Cir. Apr. 25, 2006) (unpublished op.) (holding that when a *pro se* litigant in a Section 1983 case had failed to specify whether she was suing the defendant in her official or individual capacity, the court would "give [the plaintiff] the benefit of [the] doubt" and construe the claim to involve both capacities).

as a defendant,[3] the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Thus, the Eleventh Amendment forecloses assertion of an official capacity claim for damages against Mr. Smothermon or Ms. Savage. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

<u>Individual Capacity Claims: Prosecutorial Immunity for Monetary Damages</u>

In their individual capacities, Defendants Smothermon and Savage enjoy prosecutorial immunity on the monetary claims.

Liberally construed, the complaint suggests liability based on the Defendants' decision to prosecute the Plaintiff. *See* Complaint at pp. 1-4. But "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or

---

[3] As employees of the district attorney's office, the Defendants are considered state officers. *See Arnold v. McClain*, 926 F.2d 963, 966 (10th Cir. 1991) (recognizing that a district attorney was an officer of the state for purposes of the Eleventh Amendment).

3

evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Board of County Commissioners of County of Republic, Kansas*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citation omitted). Mr. Golden's limited description of the defendants' actions puts them squarely in this category, and the Court should dismiss the individual capacity claims for monetary damages.

Unavailability of Release from Detention

In part, Mr. Golden seeks "release from any liability." Complaint at p. 4. In doing so, the Plaintiff appears to be seeking relief from pretrial detention. However, this remedy is unavailable in a Section 1983 action. *See Coleman v. Turpen*, 697 F.2d 1341, 1347 (10th Cir. 1983) (*per curiam*) ("Section 1983 cannot be invoked to end detention." (citation omitted)). Because the request for release is not cognizable under Section 1983, the Court should dismiss this part of the action.[4]

---

[4] As noted above, the complaint should be liberally construed because of the Plaintiff's *pro se* status. *See supra* p. 2 & note 2. However, the Court should not *sua sponte* convert the request for release to an action under 28 U.S.C. § 2241. *Cf. Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("We . . . hold that § 2241 is the proper avenue by which to challenge pretrial detention . . . ."). Conversion could create unanticipated, adverse effects for Mr. Golden. For example, if the habeas claim were denied, a future habeas action could be dismissed as second or successive. *See* 28 U.S.C. 2244(a). Instead, the Court should dismiss the action without prejudice. *See supra* text accompanying note. If the Plaintiff desires, he could file a habeas action to seek relief from detention.

### The Proposed Ruling

The Court should grant the motion to dismiss filed by Mr. Smothermon and Ms. Savage.

### Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by June 3, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[5]

### Status of the Referral

The present report does not discharge the referral.

Entered this 17th day of May, 2010.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[5] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").