IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRENT B. GOLDEN, )
)
      Plaintiff, )
)
v. ) Case No. CIV-09-1267-D
)
DISTRICT ATTORNEY, *et al.*, )
)
      Defendants. )

## **REPORT AND RECOMMENDATION**

Mr. Brent Golden has sued David Gonzales, who moves for dismissal in part based on insufficiency of service of process under Fed. R. Civ. P. 12(b)(5). Although Mr. Golden has not properly served Mr. Gonzales, the Court should quash the return rather than dismiss the claim. The Court should then defer consideration of the remainder of Mr. Gonzales' defenses until the completion of service. At that point, the Court will acquire personal jurisdiction over Mr. Gonzales.[1]

---

[1]     "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment in personam in a litigation . . . to which he has not been made a party by service of process." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940) (citation omitted). Thus, courts should ordinarily address service issues prior to determining the sufficiency of the complaint. *See Republic of Panama v. BCCI Holdings (Luxembourg)*, 119 F.3d 935, 940 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims." (citations omitted)). If the Court were to rule on the Defendant's arguments involving Rule 12(b)(6) prior to perfection of service, the decision would not bind Mr. Gonzales. *See Lampe v. Xouth*, 952 F.2d 697, 701 (3d Cir. 1992) ("if the defendant was not properly made a party to the action by effective service, he would not be bound by any judgment rendered" (citation omitted)).

On behalf of Mr. Golden, the U.S. Marshals Service filed proof of service for David Gonzales.[2] But the document reflects service on a third party at Mr. Gonzales' place of employment.[3] The threshold question is whether service on Mr. Gonzales was valid. It was not.

Under both federal and Oklahoma law,[4] a copy of the summons and complaint can be:

- given directly to the defendant,
- left at the defendant's home with a person of suitable age, or
- delivered to an agent authorized to accept service of process.[5]

Under either federal law or state law, the plaintiff cannot perfect service by leaving a copy of the summons and complaint with someone other than the defendant[6] at his place of employment.[7] And, this practice does not substantially comply with the federal or state

---

[2] *See* Process Receipt and Return (filed Feb. 3, 2010).

[3] *See* Process Receipt and Return (filed Feb. 3, 2010) (noting that service was made by delivery to Sgt. Mason Wilson, Shawnee P.D.).

[4] A plaintiff is permitted to attempt service of process by following state law. *See* Fed. R. Civ. P. 4(e)(1).

[5] *See* Fed. R. Civ. P. 4(e)(2)(A)-(C); Okla. Stat. tit. 12 § 2004(C)(1)(c)(1).

[6] Mr. Gonzales states that Sgt. Mason Wilson is not his authorized agent. *See* David Gonzales's 12(b)(1), (5) & (6) Motion to Dismiss and Supporting Brief at p. 7 (Apr. 2, 2010).

[7] *See* Fed. R. Civ. P. 4(e)(2)(A)-(C); Okla. Stat. tit. 12 § 2004(C)(1)(c)(1).

statutes.[8]  Consequently, the Court should conclude that Mr. Gonzales was not properly served with process.

The resulting question is whether the Court should dismiss the claims against the Defendant or simply quash the return of service.  In these circumstances, the better remedy would be an order quashing the return.

The Court "retains broad discretion to dismiss the action" when service is insufficient.[9]  But "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."[10]  The latter direction is particularly favored when a *pro se* litigant makes a good faith effort by giving the U.S. Marshals Service the correct place to serve the defendant.[11]

Mr. Golden made a good faith effort to properly serve Mr. Gonzales by providing the U.S. Marshals Service with the appropriate form and correct location to serve Mr. Gonzales.

---

[8] *See* 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1096 at 522 (3d ed. 2002) ("[S]ervice of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)." (citation omitted)); *Persaud v. Doe*, 2006 WL 1881664, Westlaw op. at 1, 8 (W.D. Okla. July 6, 2006) (unpublished op.) ("[S]ervice of the summons and complaint upon Defendant Williams' former employer does not satisfy the requirement of Rule 4(e)(2)."), *aff'd*, 213 Fed. Appx. 740 (10th Cir. Jan. 24, 2007) (unpublished op.); *see also Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 800-802 (10th Cir. 2008) (holding that the plaintiff had failed to substantially comply with the Oklahoma service of process statute when the summons and complaint were received by an employee at the defendant's place of employment).

[9] *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[10] *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[11] *See* 5B C. Wright & A. Miller, *Federal Practice & Procedure* § 1354 at 66 (3d ed. Supp. 2009).

The error was committed by the deputy U.S. Marshal, rather than the Plaintiff. And, Mr. Gonzales has indicated his willingness to make himself available for service.[12] For these reasons, the Court should decline to dismiss the claims against Mr. Gonzales. Instead, the Court should quash the return of service and grant the Plaintiff twenty additional days to perfect service on Mr. Gonzales.[13]

Because the Court lacks personal jurisdiction over Mr. Gonzales,[14] consideration of the Defendant's remaining defenses should be deferred until the marshals are able to serve Mr. Gonzales.[15]

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by June 4, 2010.[16] The failure to timely object would foreclose appellate review of the suggested ruling.[17]

---

[12] *See* David Gonzales's 12(b)(1), (5) & (6) Motion to Dismiss and Supporting Brief at p. 7 (Apr. 2, 2010).

[13] The Plaintiff's deadline for service expired on April 8, 2010. *See* Order Requiring Service and Special Report at p. 2 (Dec. 9, 2009). In lieu of dismissal, however, the Court can order completion of service within a specified time-period. *See* Fed. R. Civ. P. 4(m).

[14] *See Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also supra* note 1.

[15] *See supra* note 1.

[16] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1).

[17] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The present report does not discharge the referral.

Entered this 18th day of May, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge