IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENT B. GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1267-D |
| | ) | |
| DISTRICT ATTORNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **Report and Recommendation**

When the action began, the Plaintiff was housed at the Pottawatomie County Public Safety Center. In light of Mr. Golden's incarceration and inability to work outside of prison, the Court granted pauper status. But during the pendency of the action, the Plaintiff notified the Court of a change in address. The move suggested release from prison, and the Court ordered the Plaintiff to provide current information about his financial condition. Mr. Golden failed to comply, and his deadline expired thirteen days ago. In these circumstances, the Court should revoke Mr. Golden's qualification for pauper status and order payment of the outstanding balance of the filing fee.[1]

---

[1] Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1) (2006), the Court ordered Mr. Golden to pay the filing fee of $350.00 through installments. Order Granting Leave to Proceed *in Forma Pauperis* at p. 1 (Nov. 18, 2009). Mr. Golden has made only a single payment of $5.17, which was six months ago.

"Leave to proceed without prepayment of fees and costs is a privilege, not a right."[2] Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status.[3]

When the action began, the Plaintiff was unable to pay the entire filing fee because he was incarcerated and unable to work outside of the facility. He is apparently no longer incarcerated or otherwise impeded in his ability to obtain employment.

The Court has a continuing duty to ensure the Plaintiff's eligibility for pauper status.[4] However, the Court has been unable to fulfill this duty because Mr. Golden has disobeyed the order to supplement information about his financial condition.

Through violation of the order, the Plaintiff has been able to continue the benefit of pauper status without any oversight. In light of the failure to comply with the order, the Court

---

[2] *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citations omitted).

[3] *See Treff v. Galetka*, 74 F.3d at 197 ("when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit"); *accord Prade v. Jackson & Kelly*, 941 F. Supp. 596, 597 n.1 (N.D. W.Va. 1996) (stating that the court can dismiss the proceeding or require payment of the filing fee if the plaintiff obtains pauper status and his economic status improves during the pendency of the action), *aff'd*, 135 F.3d 770 (4th Cir. Feb. 24, 1998) (*per curiam*; unpublished op.) (affirming "on the reasoning of the district court").

[4] *See supra* p. 2.

should revoke pauper status[5] and order the Plaintiff to pay the remainder of the $350.00 filing fee within 21 days.[6]

The Plaintiff may object to this report and recommendation by June 25, 2010.[7] To do so, the Plaintiff must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.[8] If the Plaintiff fails to timely object, he would waive his right to appellate review of the suggested ruling.[9]

This report and recommendation terminates the referral. If the Plaintiff pays the remainder of the filing fee within 21 days of the district judge's order, the undersigned would suggest a new referral for further proceedings.

Entered this 8th day of June, 2010.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[5] *See Lewis v. Center Market*, 2010 WL 1948881, Westlaw op. at 3 (10th Cir. May 17, 2010) (unpublished op.) (holding that the court could revoke pauper status after having granted it); *see also McMahon v. Glanz*, 139 F.3d 912, 1998 WL 72502, Westlaw op. at 2 (10th Cir. Feb. 23, 1998) (unpublished op.) (upholding the district court's revocation of the plaintiff's pauper status).

[6] *See* LCvR 3.3(e).

[7] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2006).

[8] *See* 28 U.S.C. § 636(b)(1) (2006).

[9] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).